**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4149**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

REGINALD ANTONIO JONES,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:15-cr-00237-H-1)

Submitted:  October 13, 2016          Decided:  October 17, 2016

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Antonio Jones appeals his conviction, following his guilty plea to possession with intent to distribute an unspecified quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012), and the 66-month sentence imposed by the district court. On appeal, counsel for Jones has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning the procedural reasonableness of Jones' sentence. The Government has moved to dismiss the appeal as barred by the appellate waiver contained in Jones' written plea agreement.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and the issue being appealed is within the scope of the waiver." Id. A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review de novo whether a defendant validly waived his right to appeal. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Jones knowingly

2

and voluntarily waived the right to appeal his conviction and sentence. The sentencing claim raised on appeal clearly falls within the scope of this broad waiver. Therefore, we grant the Government's motion and dismiss Jones' appeal.*

This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

* In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the waiver.